DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH McLEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4256

[May 20, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 12003817CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences on three counts of lewd and lascivious battery (counts one through three) and two counts of interference with child custody (counts seven and eight). The defendant raises several arguments, but we find merit in only his argument that the trial court erred in denying his motion for judgment of acquittal on count one for lewd and lascivious battery committed on or between August 13, 2011, and December 31, 2011. We reverse his conviction and sentence on that count, and affirm his convictions and sentences on all other counts.

Section 800.04(4)(a), Florida Statutes (2011), provides, in pertinent part: "A person who . . . [e]ngages in sexual activity with a person 12 years of age or older but less than 16 years of age . . . commits lewd or lascivious battery . . . ." Section 800.04(1)(a), Florida Statutes (2011), defines "sexual activity," in pertinent part, as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another . . . ."

The state's information alleged the defendant committed lewd and lascivious battery on the victim on the following dates:

Count One: On or between August 13, 2011, and December 31, 2011;
Count Two: On or between January 5, 2012, and January 6, 2012;
Count Three: On or between January 9, 2012, and January 10, 2012.

The victim testified she met the defendant sometime in the year before her fourteenth birthday on August 13, 2011. She began talking to him on the phone. She later went to his house several times.

The victim testified that when she was at the defendant's house, she used her cell phone to take photos of him. The state introduced photos of the defendant recovered from the victim's cell phone. The photos taken in 2011 were not explicit. Some of the photos taken in 2012 were explicit. The state showed the victim the photos taken in 2012. She testified she had sex with the defendant on the occasions when she took those photos.

The victim initially testified she did not remember the first time she had sex with the defendant. She later testified she first had sex with him on January 5, 2012, and had sex with him again on January 9, 2012.

After the state rested, the defendant moved for a judgment of acquittal on count one. He argued the state failed to present evidence he committed lewd and lascivious battery on the victim on or between August 13, 2011, and December 31, 2011, because the victim testified she first had sex with the defendant on January 5, 2012.

The state responded that the court should deny the motion because the victim initially testified she did not remember the first time she had sex with the defendant.

The trial court denied the defendant's motion for judgment of acquittal on count one. This appeal followed.

In *Pagan v. State*, 830 So. 2d 792 (Fla. 2002), our supreme court articulated the standard of review for the denial of a motion for judgment of acquittal:

> In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find

2

the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.

*Id.* at 803 (internal citations omitted).

We conclude the defendant's conviction on count one is not supported by competent, substantial evidence. After viewing the evidence in the light most favorable to the state, a rational trier of fact could not find beyond a reasonable doubt that the defendant committed lewd and lascivious battery on the victim on or between August 13, 2011, and December 31, 2011. At best, the state's evidence showed the defendant and the victim were involved in some kind of relationship during that time period, when she went to his house several times and took non-explicit photos of him. No evidence exists to show the defendant committed lewd and lascivious battery on the victim during this time period. Thus, sufficient evidence does not exist to sustain a conviction on count one. *See Ramos v. State*, 75 So. 3d 1277, 1282-83 (Fla. 4th DCA 2011) (trial court erred in denying the defendant's motion for judgment of acquittal where there was insufficient evidence to show the defendant committed the crime during the period charged) (citation omitted).

Based on the foregoing, we reverse the defendant's conviction and sentence on count one, and remand for the trial court to enter an order of acquittal on count one and amend the defendant's judgment paperwork accordingly. We affirm his convictions and sentences on all other counts.

*Affirmed in part, reversed in part.*

STEVENSON and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

3